IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

      Plaintiff,

 v.                 OPINION & ORDER

SGT. MATTI, LT. TOM,           17-cv-761-jdp
and UNIT MANAGER B. KOOL,

      Defendants.

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. In this case, one of a series of lawsuits he has recently filed, he alleges that a prison official yelled at him for complaining about the lack of restrooms on the recreation grounds, and later retaliated against him. Pabon Gonzalez has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Pabon Gonzalez's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read Pabon Gonzalez's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). I conclude that Pabon Gonzalez's allegations violate Federal Rule of Civil Procedure 8, so I will dismiss his complaint and give him a chance to file an amended complaint that better explains his claims.

ALLEGATIONS OF FACT

There are no restrooms in the recreation areas at WSPF. If an inmate needs to use the restroom, he has to leave the recreation area and then is not allowed back in. Pabon Gonzalez

spoke with defendant Lieutenant Tom about this on May 14, 2017; Pabon Gonzalez wanted staff to put a restroom in the recreation grounds. Defendant Sergeant Matti listened to the conversation and then ended it by screaming at Pabon Gonzalez to go to recreation. Pabon Gonzalez says that Matti used abusive language, although he does not explain exactly what Matti said. Pabon Gonzalez lobbied Tom, Matti's superior, to reprimand Matti for his behavior. But Tom did nothing. Matti continued to yell at Pabon Gonzalez, telling him to go to his room. Tom later explained to Matti that a restroom in recreation would be too expensive and would raise security concerns.

Pabon Gonzalez later filed several inmate grievances against Matti for various actions that Pabon Gonzalez thought were abusive or violated prison rules, including interfering with his law library schedule, giving him a false conduct report, and denying him a prison loan.

ANALYSIS

The main thrust of Pabon Gonzalez's complaint is the incident in which defendant Matti yelled at him in response to his bringing up the issue of the lack of restrooms in the recreation area. But verbal harassment generally does not constitute cruel and unusual punishment that could support an Eighth Amendment claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Pabon Gonzalez also seems to say that the lack of restroom access is evidence of racial discrimination, but he does not explain why he believes that is the case. So he may not proceed on a claim under the Equal Protection Clause.

At the end of his allegations, Pabon Gonzalez lists various inmate grievances he filed against Matti, and I take him to be saying that Matti retaliated against him by engaging in various misconduct. But he does not explain these other incidents in any detail, nor does he

explain what they have to do with the May 14, 2017 incident in which Matti yelled at him. To state a claim for retaliation under the First Amendment, a plaintiff must establish three elements: (1) he engaged in a constitutionally protected activity; (2) the defendant took a retaliatory action that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts make it plausible that the protected activity was a motivating factor for the retaliation. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009). Without knowing more about the incidents in question and their connection to the May 14, 2017 incident, he does not state a retaliation claim against Matti.

Pabon Gonzalez also does not explain what defendants Tom and Kool did to violate his rights. He seems to suggest that Tom is responsible for Matti's actions because he is his supervisor. But as discussed above, Pabon Gonzalez does not currently state any claims against Matti, so Tom hasn't violated the Constitution either by overlooking Matti's actions.

Because Pabon Gonzalez's vague allegations do not state any claim for relief, I will dismiss his complaint under Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint should be written so that the court and the opposing party can understand what the plaintiff is alleging. *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

But I will give Pabon Gonzalez an opportunity to amend his complaint. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide.

3

If he is trying to say that Matti retaliated against him in some way, he will need to explain how he knows that Matti's later retaliatory actions were done in connection with an earlier event.

If Pabon Gonzalez fails to submit an amended complaint by the deadline set below, I will dismiss the complaint for failure to state a claim upon which relief may be granted and I will assess a "strike" in accordance with 28 U.S.C. § 1915(g).

Pabon Gonzalez has filed a motion for the court's assistance in recruiting him counsel; he filed identical requests in this case and in case no. 16-cv-852. I already denied his motion in the '852 case, *see* Dkt. 38 in that case, and I will deny it here for the same reason: he does not develop an argument in support of his motion explaining why this case is too complex for him to handle. He should not need help in amending his complaint to better explain how defendants violated his rights.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's complaint is DISMISSED under Federal Rule of Civil Rule of Procedure 8.

2. Plaintiff may have until September 5, 2018, to submit an amended complaint that complies with Rule 8.

3. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 7, is DENIED.

Entered August 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge